UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:06CV00655 RWS |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE CO. | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on American Guarantee & Liability Insurance Company's Motion to Dismiss or in the alternative to Transfer Venue [#30].

American Guarantee argues that:

1. United States Fidelity and Guaranty Company improperly seeks to use the Declaratory Judgment Act to obtain a declaration that it has not committed a tort;

2. USF&G has failed to identify any continuing damages that can be avoided through the use of the Declaratory Judgment Act;

3. a ruling in favor of USF&G would not settle the controversy between the parties;

4. USF&G's suit is a race to the courthouse to deny American Guarantee its choice of forum;

5. USF&G's refusal to dismiss violates an agreement between the parties; and

6. in the alternative, the Court should transfer USF&G's suit to the Western District of Washington.

Because I find that USF&G's complaint states a claim, I will deny the motion to dismiss.

On January 23, 2007, the United States District Court for the Western District of Washington transferred <u>American Guarantee and Liability Insurance Company v. United States Fidelity & Guranty Company, et al.</u> to the Eastern District of Missouri. The District Court of Washington has already determined venue to be proper in Missouri and nothing in the briefs changes that determination. Now that all of the claims are consolidated into the present action before me, the motion to transfer venue is moot.

*Background*

United States Fidelity & Guaranty Company ("USF&G") brings this action for declaratory relief against American Guarantee and Liability Insurance Company ("American Guarantee") under 28 U.S.C. § 2201. The facts, as alleged by USF&G in its amended complaint, are as follows.

In the underlying state court tort action, Jesus Silva, Rose Silva, Jose Rodriguez and Guadalupe Rodriguez, the parents of Jose Silva and Ana Silva, brought claims for wrongful death against Consolidated Freightways arising out of the death of their children in a multi-vehicle accident. In addition to Consolidated Freightways, USF&G and American Guarantee were also named defendants in the underlying action. At the time of the collision, Consolidated Freightways was insured by USF&G up to $5 million. Consolidated Freightways also had a commercial umbrella liability policy issued by American Guarantee for the same policy period which was subject to a limit of $50 million per occurrence.

Following a jury trial, the plaintiffs in the underlying case obtained a judgment against Consolidated Freightways on March 7, 2006. The verdict on behalf of Jose Silva was in the amount of $25,280,000 and on behalf of Ana Silva was $20,780,000. On July 12, 2006, the

Circuit Court granted Consolidated Freightways' motion for remittitur and reduced the award to approximately $30,000,000, entering an amended judgment. American Guarantee reached a settlement agreement with the plaintiffs for $22 million.

USF&G has agreed to pay its policy limit of $5 million toward the settlement. However, American Guarantee contends that USF&G is obligated to reimburse American Guarantee for the $16,975,000 expended in settlement of the underlying action. USF&G seeks a declaration that its payment of $5 million constitutes an exhaustion of the USF&G policy and that USF&G has no obligation to pay more than the $5 million.

USF&G filed the amended complaint for declaratory relief in this court on August 25, 2006 and American Guarantee filed its complaint against USF&G in the United States District Court for the Western District of Washington ("Washington action") on August 31, 2006. USF&G moved to dismiss or in the alternative to transfer the Washington action. On January 23, 2007, the United States District Court for the Western District of Washington transferred the Washington action to the Eastern District of Missouri. On February 5, 2007, I ordered the transferred Washington action consolidated with this action.

*Standard*

Motion to Transfer Venue

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) was designed as a "federal housekeeping measure, allowing easy change of venue within a unified federal system." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254, 102 S. Ct. 252, 265, 70 L. Ed. 2d 419 (1981).

In ruling on the motion I am required to consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). When analyzing the interests of justice, I am further required to consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine local questions of local law." Terra Int'l, Inc., 119 F.3d at 696. I will "give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Id. at 695. However, when evaluating a motion to transfer under 1404(a), "convenience of the witnesses is a primary, if not the most important, factor." Biometics, L.L.C. v. New Womyn, Inc., 112 F. Supp. 2d 869, 876 (E.D. Mo. 2000).

Motion to Dismiss

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

*Analysis*

Motion to Transfer Venue

A motion to transfer under 28 U.S.C. § 1404(a) requires me to consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.

4

Terra Int'l, 119 F.3d at 691. The "convenience of the witnesses is a primary, if not the most important, factor." Biometics, L.L.C., 112 F. Supp. 2d at 876.

This District has previously held that "a plaintiff's choice of forum should only be disturbed when the balance of factors strongly favors transfer." Medicine Shoppe Int'l, Inc. v. Tambellini, 191 F. Supp. 2d 1065, 1069 (E.D. Mo. 2002). Where the balance of factors is only "slightly in favor of the movant," the motion to transfer should be denied. Houk v. Kimberly Clark Corp., 613 F. Supp. 923, 927 (E.D. Mo. 1985). Additionally, a motion to transfer will be denied where the effect is simply to shift the inconveniences from one party to another. Id.

In this case, the convenience of the parties tilts slightly in favor of Missouri in this case. Neither of the parties are based in Missouri. American Guarantee is a New York Corporation, with its principal place of business in Schaumburg, Illinois, which is approximately 300 miles from St. Louis. USF&G is a Maryland Corporation, with its principal place of business in Minnesota. American Guarantee's relies on the location of the Consolidated Freightways Bankruptcy Trust ("CF Trust") in Washington in support of its argument to transfer venue. But because the CF Trust is not a party to this action, CF Trust's residency is not a deciding factor. Given the closer proximity of the parties to Missouri, the convenience of the parties favors Missouri over Washington.

In considering the convenience of the witnesses, sheer numbers alone do not accurately reflect the full extent of the witness convenience factor. Houk, 613 F. Supp. at 928. I must also consider the nature and quality of the testimony. Id.

American Guarantee argues that the most relevant witnesses are likely to be the employees of the insured and the insurer. American Guarantee lists the personnel at Consolidated Freightways and CF Trust who had significant involvement in the Silva case and

currently reside in Washington. Specifically, American Guarantee emphasizes the importance of Tamara Burris and Kim Mingo, both of whom remain employed by the CF Trust and were primarily responsible for making key decisions in the handling and settlement of the Silva case. However, American Guarantee also points out that Tamara Burris and Kim Mingo attended the Silva trial held in the Circuit Court of the City of St. Louis, Missouri, on behalf of the insured and do not claim that they would be unwilling or unable to be called as witnesses in this action should it proceed to trial in Missouri.

USF&G counters that the most important witnesses in this case are the attorneys who litigated on behalf of all parties in the Silva case, all of whom work or reside in Missouri. USF&G lists the attorneys for the Silva plaintiffs, initial defense counsel for CF, second defense counsel and trial counsel, attorneys for CF's co-defendant, and the attorneys who monitored the trial for both USF&G and American Guarantee. USF&G also emphasizes that an evaluation of USF&G's settlement position necessarily will require a review of the Missouri law at issue in the Silva case and an analysis of Missouri jury verdicts in similar cases, which would require expert witnesses on Missouri wrongful death principles and Missouri juries, who will likely be located in Missouri.

Both parties have listed witnesses who appear relevant to this case and are likely be called at trial. However, a motion to transfer will be denied where the effect is simply to shift the inconveniences from one party to another. Houk, 613 F. Supp. at 927. USF&G has shown a number of relevant witnesses who reside in Missouri and who will likely be inconvenienced by attending trial in Washington. Accordingly, I find that the convenience of the witnesses does not weigh in favor of either party.

The third factor, the interests of justice, also weighs in favor of Missouri. Judicial economy strongly favors denying transfer of venue because the Washington action has already been transferred to this Court and consolidated with this case. American Guarantee has not argued that it would be unable to enforce a judgment in Missouri or that there are any obstacles to a fair trial. Finally, it is unclear that the comparative costs of litigating in Missouri are much greater than litigating in Washington and it is premature to decide which law will apply in this case. Based on these considerations the interests of justice weigh in favor of Missouri.

The convenience of the parties and the interests of justice weigh in favor of denying American Guarantee's motion to transfer. The convenience of the witnesses does not weigh in favor of either party and therefore, the balance of the statutory factors cannot be said to strongly favor transfer. Because the Washington case has been consolidated into the present action and because the factors do not weigh in favor of a transfer of venue, I will deny American Guarantee's Motion to Transfer Venue as moot.

Motion to Dismiss

First-Filed Rule

It is established in the Eighth Circuit that the "first court in which jurisdiction attaches has priority to consider the case." Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993) (quoting Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985). The first-filed rule should apply "in the absence of compelling circumstances." Northwest Airlines, 989 F.2d at 1005 (citing Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Haydy, 675 F.2d 1169, 1174 (11th Cir. 1982).

Plaintiff USF&G filed an action in this court on April 19, 2006 asking me to resolve issues concerning the existence or extent of its insurance obligations in the underlying wrongful

7

death action. On August 24, 2006, USF&G was granted leave to amend that complaint, to recognize the settlement of the underlying action and to continue to seek declaratory relief. On August 31, 2006, American Guarantee filed an action in the United States District Court for the Western District of Washington. In its order transferring the Washington case to this court, the District Court of Washington found that it cannot be disputed that USF&G's action is the first-filed of the two competing actions between the parties.

The purpose of the first-filed rule is "to promote efficient use of judicial resources." Orthmann, 765 F.2d at 121. The District Court for the Western District of Washington has already transferred the Washington action to this court and that case has been consolidated with the present case. Transfer of these consolidated cases back to the District Court of Washington would further delay the progression of this case, waste scarce judicial resources, and be contrary to the primary purpose of the first-filed rule.

Additionally, there are not sufficiently compelling circumstances here to warrant refusing to apply the first-filed rule. The Eighth Circuit has recognized bad faith and a "race to the courthouse" as examples of compelling circumstances justifying refusal to apply the first-filed rule. Nw. Airlines, Inc., 989 F.2d at 1007. In its order transferring the Washington case to this court, the District Court of Washington found no evidence of improper forum shopping. Nor can it be said that USF&G filed the action for declaratory judgment in bad faith. I am not aware of any ongoing settlement negotiations between USF&G and American Guarantee regarding any liability for the settlement of the Silva case. American Guarantee has alleged that USF&G verbally agreed to dismiss this action for declaratory judgment following settlement of the Silva case. False representations of intentions to file an action for declaratory judgment during settlement negotiations are compelling circumstances sufficient to override the first-filed rule.

8

Everready Battery Co. v. Zinc Prods Co., 21 F. Supp. 2d 1060, 1062 (E.D. of Mo. 1998). However, American Guarantee has offered no proof of this agreement other than an affidavit by the negotiating attorney. USF&G has denied these allegations and offered an affidavit from the attorney accused of the false representation reflecting this denial. Viewing the facts in a light most favorable to the plaintiff it cannot be said that USF&G has filed the action for declaratory judgment in bad faith and given the lack of compelling circumstances I will apply the first-filed rule in denying the American Guarantee's motion to dismiss.

Use of Declaratory Judgment Act

American Guarantee raises several other arguments that USF&G's Amended Complaint is an improper use of the Declaratory Judgment Act. First, American Guarantee argues that USF&G improperly seeks to use the Declaratory Judgment Act to obtain a declaration that it has not committed a tort. American Guarantee misstates both the nature of USF&G's declaratory judgment action and the law. American Guarantee primarily relies on Koch Engineering Co., v. Monsanto Co., 621 F. Supp. 1204 (D.C. Mo. 1985) to support this argument. In Koch Engineering, the court dismissed a declaratory judgment action where the defendant had filed a complaint alleging breach of contract, breach of warranty, negligence and a violation of the Texas Deceptive Trade Practices Act in the United States District Court for the Southern District of Texas. Koch Eng'g, 621 F. Supp. at 1207. However, the court relied heavily on the conclusion that the suit for declaratory judgment merely represented a race to the courthouse. Id. at 1206-07. For the reasons stated above, I have already found that USF&G's action seeking declaratory relief was not filed in an effort to race to the courthouse. The Eighth Circuit has held that alleged tortfeasors can seek declaratory relief of non-liability and that courts "regularly" consider the merits of affirmative defenses raised by declaratory judgment. BASF Corp. v.

9

Symington, 50 F.3d 555, 558-59 (8th Cir. 1995). Additionally, this case is not a simple tort; rather the duty that USF&G allegedly violated arose out of a contractual agreement between USF&G and its policyholder, Consolidated Freightways. The relationship between USF&G and Consolidated Freightways was also governed by an indemnity agreement.

### Continuing Damages

American Guarantee's second argument is that USF&G has failed to identify any continuing damages that can be avoided through the use of the Declaratory Judgment Act. The Declaratory Judgment Act is "an enabling act, which confers discretion on the courts." Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952). The Act "should be liberally construed to accomplish its purpose of providing a speedy and inexpensive method of adjudicating legal disputes without invoking coercive remedies and that it is not to be interpreted in any narrow or technical sense." Sherwood Med. Indus., Inc. v. Deknatel, Inc., 512 F.2d 724, 729 (8th Cir. 1975). Avoidance of the accrual of avoidable damages, while one of the purposes of the Act, is not required under the statutory text and is not required for a Declaratory Judgment action to proceed. 28 U.S.C. § 2201 (2006). As discussed above, I have already concluded that transferring this case back to the Western District of Washington would be improper. Considering also that the related Washington action has been transferred to this court and consolidated with this case, to dismiss this action based on the lack of avoidable damages would contribute to further delay and expense contravening the purpose of the Declaratory Judgment Act.

### Resolving the Controversy

Finally, American Guarantee argues that a ruling in favor of USF&G would not settle the controversy between the parties because the Washington action raises a statutory claim under

Washington law and claims USF&G was negligent both before and during the Silva trial. However, because the Washington action has now been consolidated with this case, any concerns about a declaratory judgment not resolving the controversy are moot. Based on the foregoing analysis, I will deny American Guarantee's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that American Guarantee's Motion to Dismiss [#30] is **DENIED**.

**IT IS FURTHER ORDERED** that American Guarantee's Motion to Transfer Venue [#30] is **DENIED as moot**.

Dated this 1st day of May, 2007.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE