IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff/Counterclaim-Defendant, | ) ) ) |
| v. | ) ) |
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) Case No. 4:06-CV-00655-RWS |
| Defendant/Counterclaim-Plaintiff, | ) ) ) ) |
| and | ) ) |
| TIG INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF
UNITED STATES FIDELITY AND GUARANTY COMPANY
AND TIG INSURANCE COMPANY**

Defendant/counterclaim-plaintiff United States Fidelity and Guaranty Company ("USF&G") and defendant TIG Insurance Company ("TIG") (collectively, "Defendants"), through their undersigned counsel, hereby answer American Guarantee's First Amended Complaint (the "First Amended Complaint"), assert affirmative defenses thereto, and demand a trial by jury on all issues triable by a jury.

Defendants respond to the allegations set forth in the numbered paragraphs of the First Amended Complaint as follows, with the paragraph numbers below corresponding to the same-numbered paragraphs of the First Amended Complaint. All allegations not expressly admitted herein are denied.

1.  Upon information and belief, Defendants admit the allegations in Paragraph 1 of

{8204\0000\343123.DOC.}

the First Amended Complaint.

2. Defendants admit the allegations in Paragraph 2 of the First Amended Complaint. Defendants further aver that USF&G is licensed to operate in numerous states, including Missouri and Washington.

3. Defendants deny that TIG has its principal place of business in Texas. Defendants aver that TIG's principal place of business is in New Hampshire. Defendants admit that TIG is a corporation organized under the laws of the State of California. Defendants further admit that TIG is licensed to operate in several states, including Missouri and Washington. Defendants further aver that TIG did not act as an insurer to Consolidated Freightways Corporation ("CF").

4. On information and belief, Defendants admit only that, at the time of its dissolution, CF was a Delaware corporation that had its principal place of business in Washington. Defendants also admit that American Guarantee insured CF under an excess policy. The remaining allegations in Paragraph 4 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the remaining allegations in Paragraph 4 of the First Amended Complaint.

5. Defendants admit only that USF&G issued Commercial Insurance Policy No. D003A00018 (the "USF&G Policy") to CF, which policy had a $5 million limit; that, upon information and belief, a CF captive insurer issued a $3 million excess policy that was immediately excess of the USF&G Policy; that American Guarantee issued a $50 million excess and umbrella liability policy that was excess of the two aforementioned policies; and that all three policies were in effect at the time of the accident that involved the Silvas. Defendants do not know the intended meaning of the allegations that the captive and American Guarantee were

"responsible for" their respective layers, as opposed to being the insurers of their respective layers, and therefore cannot respond to those allegations. Answering further, Defendants aver that the subject insurance policies speak for themselves and provide the best evidence of the policies' terms, conditions, exclusions, limits of liability, and attachment points.

6. Defendants admit only that USF&G and nSpire Re Limited entered into a Loss Portfolio Transfer Reinsurance Contract (the "LPT Contract") and that the LPT Contract and any addendums thereto speak for themselves and provide the best evidence of their terms and conditions. Defendants specifically deny that American Guarantee is a third-party beneficiary of the LPT Contract.

7. Defendants admit only that nSpire and TIG entered into a Claims Service Management Agreement and that the Claims Service Management Agreement speaks for itself and provides the best evidence of its terms and conditions. Defendants specifically deny that American Guarantee is a third-party beneficiary of the Claims Service Management Agreement.

8. The allegations in Paragraph 8 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 8 of the First Amended Complaint.

    a. Defendants admit only that USF&G issued the USF&G Policy to CF, which policy had a $5 million limit and that the USF&G Policy was in effect at the time of the accident that involved the Silvas. Answering further, Defendants aver that the USF&G Policy speaks for itself and provides the best evidence of the policy's terms, conditions, exclusions, limits of liability, and attachment points.

    b. The allegations in Paragraph 8.b. of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 8.b. of the First Amended Complaint.

  c. The allegations in Paragraph 8.c. of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 8.c. of the First Amended Complaint.

  9. The allegations in Paragraph 9 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants admit that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

  10. The allegations in Paragraph 10 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants admit only that they are subject to personal jurisdiction in this Court and to service of process in this matter.

  11. The allegations in Paragraph 11 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants admit only that that they are subject to personal jurisdiction in this Court and to service of process in this matter.

  12. The allegations in Paragraph 12 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants admit that this venue is proper and that a substantial part of the events or omissions giving rise to the claims which are the subject of this action occurred in this District.

  13. Defendants admit only that Jose and Ana Silva were involved in a multi-vehicle collision on May 18, 2002, outside of Joplin, Missouri, that a CF tractor-trailer also was at the scene of the multi-vehicle collision, and that Jose and Ana Silva both died as a result of injuries associated with the collision. Defendants deny the remaining allegations in Paragraph 13 of the First Amended Complaint.

14. On information and belief, Defendants admit that, on October 26, 2002, the parents of Ana Silva filed a lawsuit against, among others, CF and its driver, styled *Rodriguez, et al. v. Hogan Transports, et al.* On information and belief, Defendants aver that, on August 9, 2002, the parents of Jose Silva filed a lawsuit against, among others, CF and its driver, styled *Silva, et al. v. Hogan Transports, et al.*, and that these suits were later consolidated and brought to trial as *Silva, et al. v. Consolidated Freightways Corp., et al.* (hereinafter referred to as *Silva*).

15. Defendants admit only that USF&G issued the USF&G Policy to CF, which policy had a $5 million limit and that the USF&G Policy was in effect at the time of the accident that involved the Silvas. Answering further, Defendants aver that the USF&G Policy speaks for itself and provides the best evidence of the policy's terms, conditions, exclusions, limits of liability, and attachment points.

16. Defendants deny the allegations in Paragraph 16 of the First Amended Complaint.

17. On information and belief, Defendants admit only that the records of the Bankruptcy Court represent that CF and its affiliate Consolidated Freightways Corporation of Delaware filed for relief under Chapter 11 of the Bankruptcy Code on or about September 3, 2002, and that the Bankruptcy Court, on or about August 18, 2003, entered a certain order granting limited relief from the bankruptcy stay, which order speaks for itself and provides the best evidence of its specific terms. Defendants deny the remaining allegations in Paragraph 17 of the First Amended Complaint.

18. On information and belief, Defendants admit only that the records of the Bankruptcy Court represent that the Bankruptcy Court, on or about September 22, 2004, entered an "Order Authorizing the Debtors to Undertake Actions Necessary for (i) the Commutation of Liabilities and Liquidation of CF Risk Management Services Ltd., and (ii) the "Unstapling" of CF MovesU.com and CFL Holding Ltd.," which order speaks for itself and provides the best

evidence of its specific terms. Defendants deny the remaining allegations in Paragraph 18 of the First Amended Complaint.

19. On information and belief, Defendants admit only that the records of the Bankruptcy Court represent that the Bankruptcy Court, on or about November 22, 2004, entered an order confirming a Consolidated Plan of Liquidation for CF, which order, along with the plan so confirmed, speaks for itself and provides the best evidence of its specific terms. Defendants deny the remaining allegations in Paragraph 19 of the First Amended Complaint.

20. On information and belief, Defendants admit only that the records of Delaware represent that CF was dissolved on December 31, 2004. Defendants deny the remaining allegations in Paragraph 20 of the First Amended Complaint.

21. Defendants admit only that, beginning in and around March 2004, TIG acted as the claims manager with respect to *Silva*. Defendants deny the remaining allegations in Paragraph 21 of the First Amended Complaint.

22. Defendants admit that, while TIG was serving as claims manager, the law firm of Hinshaw & Culbertson was retained to defend CF and its driver in *Silva*, and that, when the Hinshaw attorney in charge of the matter, Michael Lawder, moved to the law firm of Anderson & Gilbert, the file was transferred to Anderson & Gilbert for continued handling. Defendants further admit that TIG, in its role as claims manager and in consultation with the CFC Trust, participated in certain settlement-related communications with the plaintiffs in *Silva*. Defendants deny the remaining allegations in Paragraph 22 of the First Amended Complaint.

23. Defendants admit only that trial in *Silva* commenced on February 22, 2006, and that the verdict awarded $25,280,000 to the parents of Jose Silva and $20,780,000 to the parents of Ana Silva before required setoffs were applied. Defendants deny the remaining allegations in Paragraph 23 of the First Amended Complaint.

24.     Defendants admit only that post-trial motions were filed in *Silva* and that USF&G filed an action for declaratory relief in this Court against American Guarantee and others. Those motions and the complaint in the action for declaratory relief speak for themselves and provide the best evidence of their contents. Defendants deny the remaining allegations in Paragraph 24 of the First Amended Complaint.

25.     Defendants admit that the court in *Silva*, following argument, remitted the verdict to approximately $30,000,000 before applying required setoffs.

26.     Defendants admit only that, on or about November 6, 2003, counsel for the plaintiffs in *Silva* issued a settlement demand to CF, seeking payment of $20 million. The remaining allegations in Paragraph 26 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the remaining allegations in Paragraph 26 of the First Amended Complaint.

27.     Defendants do not know the intended meaning of the allegation that the settlement demand "invaded American Guarantee's excess layer of insurance" and therefore cannot answer that allegation. Defendants admit only that $20 million is a sum that exceeds the limits of the USF&G Policy. Defendants deny the remaining allegations in Paragraph 27 of the First Amended Complaint.

28.     Defendants admit only that CF's defense counsel received the November 6, 2003 demand letter. Defendants deny the remaining allegations of Paragraph 28 of the First Amended Complaint. On information and belief, Defendants further aver that, at the time, a third-party claims administrator under contract to CF was managing CF's defense in conjunction with CF itself.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 29 of the First Amended Complaint, and, on that basis, deny

the allegations.

30. On information and belief, Defendants admit only that the Bankruptcy Court entered an order granting limited relief from the bankruptcy stay in August 2003, which order speaks for itself and is the best evidence of its specific terms. Defendants do not know the intended meaning of the phrase "with a financial interest," but aver that the two policies in question speak for themselves. Defendants deny the remaining allegations in Paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations in Paragraph 31 that purport to be descriptive of the January 4, 2006 letter, which speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the First Amended Complaint and, on that basis, deny the allegations.

32. Defendants admit only that Anderson & Gilbert communicated with American Guarantee on or about February 3, 2006. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the First Amended Complaint and, on that basis, deny the allegations.

33. Defendants admit only that American Guarantee issued a number of letters to TIG's representatives, all of which speak for themselves. Defendants deny the remaining allegations in Paragraph 33 of the First Amended Complaint.

34. Defendants admit only that, at or around the outset of trial, the plaintiffs in *Silva* demanded $4.75 million to settle their claims against CF and its driver. Defendants aver that the USF&G policy speaks for itself. Defendants deny the remaining allegations in Paragraph 34 of the First Amended Complaint.

35. Defendants admit only that, prior to required setoffs, the verdict in *Silva* totaled $46,060,000, and that the verdict subsequently was remitted to approximately $30,000,000.

Defendants deny the remaining allegations in Paragraph 35 of the First Amended Complaint.

36. On information and belief, Defendants admit only that the *Silva* judgments were satisfied for the total amount of $22 million, consisting of $5 million from USF&G and the balance from American Guarantee. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the First Amended Complaint and, on that basis, deny the allegations.

37. The allegations in Paragraph 37 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants admit only that USF&G and American Guarantee were insurers of CF whose obligations were governed by the terms, conditions, and limitations of their policies and any associated contracts, all of which speak for themselves.

38. Defendants do not know the intended meaning of the allegation that the "primary and excess policies were triggered" in this context and therefore cannot answer that allegation, but aver that the two policies speak for themselves.

39. Defendants admit only that the Bankruptcy Court entered an order granting limited relief from the bankruptcy stay in August 2003, which order speaks for itself and is the best evidence of its specific terms. Defendants deny the remaining allegations in Paragraph 39 of the First Amended Complaint.

40. Defendants admit only that, at or around the outset of trial, the plaintiffs in *Silva* demanded $4.75 million to settle their claims against CF and its driver. Defendants aver that the USF&G policy speaks for itself. Defendants deny the remaining allegations in Paragraph 40 of the First Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of the First Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of the First Amended Complaint.

43. The allegations in Paragraph 43 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44. Defendants deny the allegations in Paragraph 44 of the First Amended Complaint.

45. The allegations in Paragraph 45 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 45 of the First Amended Complaint and further deny that Washington law applies to this matter.

46. The allegations in Paragraph 46 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

47. The allegations in Paragraph 47 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 47 of the First Amended Complaint.

48. The allegations in Paragraph 48 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants admit only that the American Guarantee Policy speaks for itself and provides the best evidence of the Policy's terms, and deny the remaining allegations in Paragraph 48 of the First Amended Complaint.

49. Defendants reallege and incorporate their responses to Paragraphs 1 through 48 of the First Amended Complaint as though fully set forth herein.

50. The allegations in Paragraph 50 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants aver that Defendants acted diligently and in good faith at all times and

deny the remaining allegations in Paragraph 50 of the First Amended Complaint.

51. The allegations in Paragraph 51 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations in Paragraph 52 of the First Amended Complaint.

53. Defendants deny the allegations in Paragraph 53 of the First Amended Complaint.

54. The allegations in Paragraph 54 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 54 of the First Amended Complaint.

55. The allegations in Paragraph 55 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

56. Defendants reallege and incorporate their responses to Paragraphs 1 through 55 of the First Amended Complaint as though fully set forth herein.

57. Defendants admit only that CF was defended in *Silva* in accordance with the terms and conditions of the USF&G policy issued to CF and a certain related Indemnity Agreement, and that TIG served as the claims manager for the *Silva* claim beginning in and around March 2004. Defendants deny the remaining allegations in Paragraph 57 of the First Amended Complaint.

58. Defendants deny the allegations in Paragraph 58 of the First Amended Complaint.

59. Defendants deny the allegations in Paragraph 59 of the First Amended Complaint.

60. Defendants deny the allegations in Paragraph 60 of the First Amended Complaint.

61. The allegations in Paragraph 61 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary,

however, Defendants deny the allegations in Paragraph 61 of the First Amended Complaint.

62. The allegations in Paragraph 62 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 62 of the First Amended Complaint.

63. Defendants reallege and incorporate their responses to Paragraphs 1 through 62 of the First Amended Complaint as though fully set forth herein.

64. The allegations in Paragraph 64 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants admit only that Washington has adopted RCW §§ 19.86.010, *et seq.*, which speaks for itself, and otherwise deny the allegations in Paragraph 64 of the First Amended Complaint. Defendants further deny that Washington law applies to this action.

65. Defendants admit only that Washington has adopted RCW §§ 19.86.020 and 43.30.010, which speak for themselves, and otherwise deny the allegations in Paragraph 65 of the First Amended Complaint. Defendants further deny that Washington law applies to this action.

66. Defendants admit only that Washington has adopted WAC § 284-30-330 and RCW § 48.01.030, which speak for themselves, and otherwise deny the allegations in Paragraph 66 of the First Amended Complaint. Defendants further deny that Washington law applies to this action.

67. Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

68. The allegations in Paragraph 68 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations of Paragraph 68 of the First Amended Complaint.

69. Defendants deny the allegations in Paragraph 69 of the First Amended Complaint.

70. The allegations in Paragraph 70 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 70 of the First Amended Complaint.

71. The allegations in Paragraph 71 of the First Amended Complaint are legal conclusions that do not require a response. To the extent a response is deemed necessary, however, Defendants deny the allegations in Paragraph 71 of the First Amended Complaint.

Defendants deny each and every allegation in the First Amended Complaint, unless specifically admitted herein. Furthermore, Defendants deny that that American Guarantee is entitled to any of the relief requested in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The claims asserted in the First Amended Complaint are barred by the doctrine of estoppel and/or waiver.

### Third Defense

Defendants acted at all times in good faith.

### Fourth Defense

The claims asserted in the First Amended Complaint are barred by the doctrine of unclean hands.

### Fifth Defense

Defendants' evaluations and settlement-related decisions prior to the verdict in *Silva* were based upon the advice of Missouri counsel.

### Sixth Defense

The claims asserted in the First Amended Complaint may be barred, in whole or in part, by the doctrine of assumption of the risk.

### Seventh Defense

The claims asserted in the First Amended Complaint are barred or limited by the terms, conditions, exclusions, and limits of the policies issued by USF&G and American Guarantee to CF.

### Eighth Defense

The damages suffered by American Guarantee, if any, were caused by persons other than Defendants.

### Ninth Defense

Defendants are not liable for any amounts allegedly incurred by American Guarantee because those costs were incurred voluntarily by American Guarantee.

### Tenth Defense

American Guarantee lacks standing to pursue some or all of the claims asserted in the First Amended Complaint.

### Eleventh Defense

American Guarantee's action may be barred, in whole or in part, by the doctrine of contributory negligence.

### Twelfth Defense

American Guarantee's damages, if any, were not caused, enhanced, or increased as a result of any act or failure to act on the part of Defendants.

### Thirteenth Defense

American Guarantee failed to mitigate damages.

### Fourteenth Defense

American Guarantee's own actions contributed to the damages that plaintiff allegedly suffered.

### Fifteenth Defense

TIG was not an insurer for CF and did not act as an insurer with respect to *Silva*.

### Sixteenth Defense

CF was not damaged by any act or omission by Defendants.

### Seventeenth Defense

CF did not demand the settlement of *Silva* for an amount within the USF&G limit.

### Eighteenth Defense

Each claim for relief in the First Amended Complaint fails to state a cognizable claim for the recovery of attorneys' fees and costs or the recovery of punitive damages.

### Nineteenth Defense

An award of punitive damages under the circumstance of this case would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution and any corresponding provisions of applicable state law.

### Twentieth Defense

American Guarantee is not a third-party beneficiary of the referenced LPT Contract or the Claims Service Management Agreement.

**Twenty First Defense**

The affirmative defenses set forth herein reflect Defendants' preliminary assessment based on the allegations of the First Amended Complaint. Defendants expressly reserve, and do not waive, any defenses under any insurance policies or applicable law, regardless of when such defenses may have arisen or may arise.

**COUNTERCLAIM**

USF&G adopts and incorporates by reference its Amended Complaint filed on August 25, 2006 as its counterclaim against American Guarantee & Liability Insurance Company.

WHEREFORE, having Answered the First Amended Complaint and having asserted Affirmative Defenses thereto, Defendants respectfully request that this Court enter Judgment in their favor, dismiss American Guarantee's claims with prejudice, and award costs and such other relief as the Court may deem appropriate.

**JURY DEMAND**

Defendants hereby demand a trial by jury on all issues triable by a jury.

Dated: August 27, 2007

          CARMODY MacDONALD P.C.

          /S/ David H. Luce
          Gerard T. Carmody, #24769
          David H. Luce, #11052
          Jeffrey L. Wax, #512921
          120 S. Central Avenue, Suite 1800
          St. Louis, Missouri  63105
          Telephone (314) 854-8600
          Facsimile (314) 854-8660
          *gtc@carmodymacdonald.com*

          -- and --

                    Peter G. Thompson (pro hac vice)
                    Thomas J. Judge (pro hac vice)
                    Stephanie Pestorich Manson (pro hac vice)
THOMPSON, LOSS & JUDGE, LLP
Two Lafayette Centre
1133 21st Street, N.W., Suite 450
Washington, D.C. 20036
Telephone (202) 778-4060
Facsimile (202) 778-4099
*pthompson@tljlaw.com*

Attorneys for United States Fidelity and Guaranty Company and TIG Insurance Company

Jack T. Friedman (pro hac vice)
CARROLL, BURDICK & McDONOUGH, LLP
1676 N. California Blvd., Suite 620
Walnut Creek, CA 94596
Telephone (925) 944-6080
Facsimile (925) 256-3110
*JFriedman@cbmlaw.com*

Attorneys for United States Fidelity and Guaranty Company

## CERTIFICATE OF SERVICE

      I hereby certify that, on August 27, 2007, the forgoing Answer was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following:

Gerald P. Greiman, #3276
*ggreiman@spencerfane.com*
Erik O. Solverud, #61269
*esolverud@spencerfane.com*
Anne M. Linder, #533403
*alinder@spencerfane.com*
Spencer Fane Britt & Browne LLP
1 North Brentwood Blvd, Ste. 1000
St. Louis, MO 63105
Telephone (314) 863-7733
Facsimile (314) 862-4656

Attorneys for American Guarantee & Liability Insurance Company

      /S/ David H. Luce
Gerard T. Carmody, #24769
David H. Luce, #11052
Jeffrey L. Wax, #512921
CARMODY MacDONALD P.C.
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone (314) 854-8600
Facsimile (314) 854-8660
*gtc@carmodymacdonald.com*

Attorneys for United States Fidelity and Guaranty Company and TIG Insurance Company