IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff/Counterclaim-Defendant, | ) ) ) |
| v. | ) Case No. 4:06-CV-00655-RWS ) |
| UNITED STATES FIDELITY & GUARANTY COMPANY, | ) CONSOLIDATED ) ) |
| Defendant/Counterclaim-Plaintiff, | ) ) |
| and | ) ) |
| TIG INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS

Plaintiff American Guarantee & Liability Insurance Company ("Zurich"), pursuant to Local Rule 8.03, files this memorandum setting forth its objections to the bill of costs filed by defendants United States Fidelity & Guaranty Company and TIG Insurance Company.

On February 18, 2009, the Court entered summary judgment in favor of defendants on all of Zurich's claims as well as defendants' claim for declaratory judgment. On March 8, 2010, defendants filed a bill of costs seeking to recover $73,154.43, including charges for depositions, copying, filing fees and witness fees. On March 17, 2010, Zurich filed a motion to alter or amend the Court's summary judgment ruling.

Zurich respectfully submits that it would be premature for the Court to address cost issues before ruling on Zurich's motion to alter or amend the judgment; Zurich further submits that it

653798.3

would best promote efficient use of the Court's and the parties' resources to defer addressing cost issues until all other proceedings in this case, including any proceedings on appeal, are concluded.

As described in further detail below, Zurich objects to $42,649.70 of the claimed costs on grounds that defendants' bill of costs (1) seeks costs that are not properly recoverable under 28 U.S.C. §1920, such as deposition charges for both stenographic transcripts and videotaped recordings, delivery charges for depositions, and fees for services performed purely for counsel's convenience, such as preparing rough drafts, minuscripts or condensed transcripts, keyword indices and ASCII disks, expediting transcripts, archiving transcripts and synchronizing videos; (2) is not properly supported by itemized invoices or other documentation detailing the charges for which defendants are seeking reimbursement; and (3) contains charges for witness fees and travel expenses that exceed the statutory fees allowed under in 28 U.S.C. § 1821.  After deducting these objectionable charges, the costs properly taxable against Zurich, in the event Zurich does not prevail in this action after all proceedings are concluded, should be no more than $30,504.73.[1]

## I. DEFENDANTS MAY NOT RECOVER BOTH STENOGRAPHIC AND VIDEO DEPOSITION COSTS.

In their bill of costs, defendants seek to recover $62,091.04 for costs associated with obtaining deposition transcripts, including both stenographic transcripts and videotaped or electronic depositions. However, it is well-settled that defendants are not entitled to recover both their printed transcript costs and their electronic or video deposition costs.

As amended in 2008, 28 U.S.C. § 1920(2) allows a judge or clerk to tax "fees for printed *or* electronically recorded transcripts necessarily obtained for use in the case" against the non-prevailing party. 28 U.S.C. § 1920(2) (2008) (emphasis added). Courts may not award costs that are

---

[1] Zurich's objections to each line item of Defendants' bill of costs are summarized in a chart attached hereto as Exhibit A.  As this chart reflects, Zurich objects to a total of $42,649.70 of Defendants' claimed $73,155.63 in costs.

not authorized by 28 U.S.C. § 1920 because this statute "imposes 'rigid controls on cost-shifting in federal courts.'" *Wells v. Farmers Alliance Mutual Ins. Co.*, 2009 WL 2836502 at *8 (E.D. Mo. 2009), *citing BriscoWade v. Carnahan* 297 F.3d 781, 782 (8th Cir. 2002) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)).

A prevailing party is not permitted to recover deposition fees for *both* stenographic transcription *and* video recording. *Thomas v. Newton*, 2009 WL 1851093 at *3 (E.D. Mo. 2009) (emphasis added); *Equal Employment Opportunity Commission v. Boot*, 2010 WL 520564 at *5 (N.D. Iowa 2010). The use of the disjunctive "or" in the 2008 amendment of § 1920(2) mandates that costs are taxable for either stenographic transcription or videotaped depositions, but not both. *See Thomas*, 2009 WL at *3 (noting that courts must give effect to every word used by Congress, including "or," and that construing "or" to mean "and" contravenes ordinary usage).

Zurich objects to defendants' efforts to recover both printed transcript fees and electronic recording and video fees. Of the deposition-related costs set forth in defendants' bill of costs, defendants seek to recover $15,878.65 in itemized printed transcript fees and $8,311.25 in itemized electronic recording and video fees. *See* the attached charts titled Printed Transcript Fees and Electronic Recording/Video Fees, attached hereto as Exhibits B and C, respectively. As a starting point, defendants' deposition-related cost claims should be limited to no more than $15,878.65 in printed transcript fees.

## II. DEFENDANTS MAY NOT RECOVER ALL OF THEIR NON-ITEMIZED DEPOSITION COSTS.

Where defendants' bill of costs is not properly supported by itemized invoices, defendants have clearly failed to meet their burden of proof under 28 U.S.C. § 1920, and are not entitled to recover all of such costs from Zurich. The party seeking to recover costs has the burden to establish the amount of costs to which it is entitled, and "a party who intends to recover costs if it prevails at

3

trial should require its vendors to present itemized invoices which permit the clerk and the court to distinguish recoverable and non-recoverable items." *Odessa Ford, LLC v. T.E.N. Investments, Inc.*, 2009 WL 1631850 at *4 (D. Kan. 2009).

As support for their bill of costs, defendants provided a number of deposition invoices that either did not itemize the services provided or did not separate costs for video recording and synchronization. *See* chart titled Non-Itemized Costs, attached hereto as Exhibit D and incorporated herein by reference. These non-itemized costs total $23,493.41. These invoices presumably include fees for both video recording services and stenographic services and could also include convenience charges like expedited transcripts, synchronization and delivery charges. Because these deposition invoices are not itemized, neither Zurich nor the Court has the ability to determine whether these costs are recoverable.[2] Defendants have therefore not met their burden to establish that these costs are properly taxable under 28 U.S.C. § 1920.

The court has discretion to fix the amount of costs taxable against a non-prevailing party. *Odessa*, 2009 WL at *4. In *Odessa*, the court reduced by 50 percent the invoiced amounts for costs in which no itemization was provided. *Id.* (noting that other courts have both disallowed all non-itemized costs and reduced non-itemized costs by 25 percent). Absent itemized invoices from defendants' vendors, under *Odessa*, the Court should tax only 50 percent, or $11,746.71, of these non-itemized costs against Zurich.[3]

---

[2] One of the non-itemized invoices is for a transcript of Elizabeth Raphael's deposition in the underlying Silva case. Zurich objects to this cost on the additional basis that Raphael's deposition was taken before this case was even filed. Therefore, Zurich also objects to payment of 50 percent of this deposition as a non-itemized cost. *See* Exhibit A.

[3] The "Allowable Costs" column on Zurich's Exhibit A reflects inclusion of 50 percent of defendants' non-itemized costs.

4

653798.3

### III. DEFENDANTS MAY NOT RECOVER COSTS INCURRED SOLELY FOR THE CONVENIENCE OF COUNSEL.

Defendants are not entitled to costs incurred solely for their convenience. The purpose of awarding costs to the prevailing party is not to penalize the unsuccessful party but to compensate the prevailing party for certain expenses that were reasonably and necessarily incurred. *Alonso v. Union Oil Co. of California*, 71 F.R.D. 523, 525 (S.D.N.Y. 1976). Fees for minuscripts, keyword indices, ASCII disks and exhibits are disallowed because they relate to services obtained solely for counsel's convenience. *Odessa*, 2009 WL 1631850 at *4. Extra copies made for the convenience of counsel are not considered necessary and are not taxable as costs. *NLFC, Inc. v. Devcom Mid-America*, 916 F.Supp. 751, 763 (N.D. Ill. 1996).

Defendants ask the Court to tax Zurich with $13,614.07 worth of unnecessary and unreasonable costs related to depositions in this case. These costs are detailed on the attached chart, titled Convenience Costs, attached hereto as Exhibit E and incorporated herein by reference.[4] These costs include charges for rough drafts of deposition exhibits, video synchronization, accelerated transcripts, condensed transcripts, attachment of exhibits to transcripts, expedited transcripts and archiving fees. These services were incurred solely for counsel's convenience. These costs should not be taxed against Zurich.

Further, defendants ask the Court to tax $663.20 in costs for printing four sets of copies of each exhibit attached to defendants' discovery motions and each summary judgment exhibit. Defense counsel supplies no reason why it needed four copies of each exhibit. At most, defendants are entitled to recover charges for one set of copies, or $165.80 in copying costs. Any extra copies are purely for the convenience of counsel and are unnecessary.

---

[4] Exhibit E also includes $1,156.25 worth of claimed charges that reflect either accounting errors, duplicate charges or undocumented fees. Zurich objects to payment of these costs.

## IV. DEFENDANTS MAY NOT RECOVER EXPERT WITNESS FEES BEYOND THOSE ALLOWED UNDER 28 U.S.C. § 1821(b).

Zurich objects to defendants' bill of costs to the extent it seeks to recover witness fees and costs beyond $40.00 per witness. 28 U.S.C. § 1821(b) provides that a witness shall be paid an attendance fee of $40.00 for each day's attendance at a deposition and for time spent traveling to the deposition. Expert witness fees in excess of the $40.00 limit set forth in 28 U.S.C. 1821(b) are not recoverable. *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996); *Wells*, 2009 WL 2836502 at *10.

In their bill of costs, defendants ask the Court to award them costs for the attendance of two expert witnesses at depositions. For Gerard Noce, they request $2,975.00. The supporting documentation provided for Noce reflects that this fee is for eight and a half hours of his expert testimony. For Robert Sharp, defendants request $2,610.00, representing his fee for nine hours of testimony. Defendants also ask for $712.50 in witness fees for Sharp's travel time. Defendants' supporting documentation reflects that Sharp traveled to the deposition on the same day as the deposition. Under § 1821(b) and the Eighth Circuit's holding in *Pinkham*, these fees must be limited to $40.00 per witness. Zurich objects to defendants' request for payment of costs beyond this amount.

Section 1821(c)(1) provides that a witness who travels by common carrier shall be paid for his actual travel expenses and that "a receipt or other evidence of actual costs shall be furnished." Fees for hotel costs, meals and transportation for witnesses will not be taxed if documentation is not provided to substantiate the expenses. *Wells*, 2009 WL 2836502 at *10. Defendants ask the Court to award them costs of $1,143.12 for Sharp's travel expenses, meals and hotel. Defendants failed to

meet their burden to substantiate these costs with receipts or other evidence and thus should not be entitled to recover these costs from Zurich.[5]

Further, defendants ask the Court to award them $190.00 for time spent by Sharp to "locate and reship" two missing boxes to counsel, and $100.00 for Sharp's courier expenses. These costs are not included in 28 U.S.C. § 1821 or § 1920 and thus may not be taxed against Zurich.

In sum, defendants' allowable costs for their expert witness appearance fees must be limited to $40.00 each for Gerard Noce and Robert Sharp, or a total of $80.00.

## V.     DEFENDANTS MAY NOT RECOVER MAIL OR DELIVERY COSTS.

Zurich objects to defendants' efforts to recover mail or other costs for delivery of deposition transcripts and videotapes. 28 U.SC. § 1920 does not authorize taxing of costs for the prevailing party's postage and delivery expenses for depositions. *Equal Employment Opportunity Commission v. Con-Way Freight, Inc.*, 2010 WL 577289 at *2 (E.D. Mo. 2010), *citing Litecubes, LLC v. Northern Light Products, Inc.*, 2006 WL 5700252 at *16 (E.D. Mo. 2006) *quoting Smith v. Tenent Healthsystem LS, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *see also Pinkham*, 84 F.3d at 295 (holding that fees for long distance, fax, messenger and express mail are not taxable). Defendants ask the Court to award them $793.66 in mailing and/or delivery fees. These costs are detailed on the attached chart, titled Mail/Delivery Costs, attached hereto as Exhibit F and incorporated herein by reference. Under *Conway*, these costs are not properly taxable against Zurich.

---

[5] Even if Sharp's charges for hotel, meals and taxis could be taxed against Zurich, they must be limited to the maximum per diem rate allowed for federal government employees as set out in 41 C.F.R. § Part 301-7, Appendix A. *Glastetter v. Sandoz Pharmaceuticals Corp.*, 2000 WL 34017154 at *7 (E.D. Mo. 2000). Sharp's deposition took place in Washington, D.C. on May 1, 2008. The maximum per diem rate for Washington, D.C. for that time period is $265, which includes a maximum $201 lodging fee, exclusive of taxes. *See* http://gsa.gov/perdiem.

## CONCLUSION

For the foregoing reasons, at the appropriate time, if defendants are deemed to be the prevailing party following the conclusion of all proceedings in this case, including any proceedings on appeal, the Court should tax no more than $30,504.73 in costs against Zurich, instead of the $73,154.63 claimed by defendants in their bill of costs.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By:     /s/Gerald P. Greiman
Gerald P. Greiman, #3276
ggreiman@spencerfane.com
Erik O. Solverud, #61269
esolverud@spencerfane.com
Anne M. Lindner, #533403
alindner@spencerfane.com
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone (314) 863-7733
Facsimile (314) 862-4656

Attorneys for Plaintiff

653798.3

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2010, the foregoing document was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon the following attorneys of record:

CARMODY MacDONALD P.C.
Gerard T. Carmody
David H. Luce
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600 (Telephone)
(314) 854-8660 (Fax)
*gtc@carmodymacdonald.com*
*dhl@carmodymacdonald.com*

THOMPSON, LOSS & JUDGE, LLP
Peter G. Thompson
Thomas J. Judge
Two Lafayette Centre
1133 21st Street, N.W., Suite 450
Washington, D.C. 20036
(202) 778-4060 (Telephone)
(202) 778-4099 (Fax)
*pthompson@tljlaw.com*
*tjudge@tljlaw.com*

CARROLL, BURDICK & MCDONOUGH, LLP
Jack T. Friedman
1676 N. California Blvd., Suite 620
Walnut Creek, CA 94596
(925) 944-6080 (Telephone)
(925) 256-3110 (Fax)
*jfriedman@cbmlaw.com*

*Attorneys for Defendants United States Fidelity & Guaranty Company and TIG Insurance Company*

/s/Gerald P. Greiman

653798.3