# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN GUARANTEE, & LIABILITY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff/Counterclaim-Defendant, | ) ) ) ) |
| v. | ) No. 4:06CV655RWS ) |
| UNITED STATES FIDELITY & GUARANTY COMPANY, | ) ) ) ) |
| Defendant/Counterclaim-Plaintiff, | ) ) ) ) |
| and | ) ) |
| TIG INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On February 18, 2010, this Court granted summary judgment to Defendant/Counterclaim-Plaintiff United States Fidelity & Guaranty Company ("USF&G") and Defendant TIG Insurance Company ("TIG") against Plaintiff/Counterclaim-Defendant American Guarantee & Liability Insurance Company ("Zurich") in this bad faith failure to settle lawsuit. Zurich now moves to alter or amend the judgment under Rule 59(e). Zurich argues that manifest

errors of fact and law have occurred because, among other things, I concluded that the lawsuit must be brought in the name of the insured.  Because my decision was not based on the name under which the lawsuit was brought, but was instead based on the Missouri Supreme Court's finding that only an insured owns legal title to this type claim, I will deny Zurich's motion.

*Legal Standard*

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment no later than 10 days after the entry of the judgment. Fed. R. Civ. P. 59(e).  "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'"  United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  Id.  The Rule "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances."  Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).

*Discussion*

In my order granting USF&G and TIG summary judgment, I explained:

"While subrogation is frequently equated with assignment and has been referred to as assignment by operation of law, the two methods are, at least for some purposes, distinct." Warren v. Kirwan, 598 S.W.2d 598, 599 (Mo. Ct. App. 1980). In Keisker v. Farmer, 90 S.W.3d 71, 74 (Mo. 2002), the Supreme Court of Missouri explained,

> Assignment of a claim *differs* from subrogation to a claim. Holt v. Myers, 494 S.W.2d 430, 437 (Mo.App.1973). In assignment, the assignor gives all rights to the assignee. Id. By an assignment, the insurer receives legal title to the claim, and the exclusive right to pursue the tortfeasor. See State Farm Mut. Auto. Ins. Co. v. Jessee, 523 S.W.2d 832, 834 (Mo.App.1975); Kroeker v. State Farm Mut. Auto. Ins. Co., 466 S.W.2d 105, 109-10 (Mo.App.1971).
>
> In subrogation, the insured retains legal title to the claim. Hagar v. Wright Tire & Appliance, Inc., 33 S.W.3d 605, 610 (Mo.App.2000). By paying the insured, the insurer has a right to subrogation. Id. (emphasis added).

In this lawsuit, Defendants concede that the insurance contract between CF and Zurich transferred rights of recovery to Zurich.[1] This

---

[1] Section VI of the Commercial Umbrella Liability Policy issued by Zurich to CF provides:

> 15. Transfer of Rights of Recovery Against Others to Us
>     a. If the insured has rights to recover all or part of any payment we have made under this insurance, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring suit or transfer those rights to us and help us enforce them
>
>     b. Any amount recovered will be apportioned in the

contractual provision, however, does not permit Zurich to sue Defendants on CF's behalf. Under Missouri law, "[t]he exclusive right to pursue the tortfeasor remains with the insured, which holds the proceeds for the insurer." Id. "This is true even though the insurer is subrogated to the entire cause of action." Warren, 598 S.W.2d at 599. "If the interest of the insurer is derived by subrogation, the action must be brought by, or at least in the name of, the insured." Id.

Zurich has latched onto my inclusion of that last sentence as evidence that I relied on a state procedural rule concerning in whose name the action must be brought. Zurich argues that under Fed. R. Civ. P. 17(a), I must allow its suit to go forward in its name. Zurich's entire argument is misplaced, however. My decision was not based on a procedural rule about in whose name the lawsuit must be brought. My decision was based on the Missouri Supreme Court's clear statement that under Missouri law, "[i]n subrogation, the insured retains legal title to the claim . . . The exclusive right to pursue the tortfeasor remains with the insured, which holds the proceeds for the insurer." Keisker v. Farmer, 90 S.W.3d 71, 74 (Mo. 2002). In all of its claims of error, Zurich does not once mention this Missouri Supreme Court decision regarding *who* owns (retains legal title to) a

---

inverse order of payment of loss to the extent of actual payment. The expenses of all such recovery proceedings will be apportioned in the ratio of respective recoveries.

At oral argument, counsel for TIG stated, "we have not contended that that provision by its terms doesn't apply . . . to a bad faith failure to settle claim."

subrogated claim.  Keisker is not a decision about in whose name a cause of action must be brought, but about who *owns* the right to pursue a cause of action.  As a result, I reject Zurich's claims of error.

Zurich also claims I erred in stating "Zurich recognizes that USF&G and TIG owed it no direct duty of good faith, but asserts that it is entitled to pursue its bad faith claim under principles of subrogation or through an assignment," and by not considering its direct duty argument.  The Court notes that Zurich repeatedly stated its claims do not turn on a direct duty. ("In seeking to apply the no direct duty cases to bar Zurich's claims in this case, if they turned on recognition of a direct duty (*which they do not*), defendants are trying to force a square peg into a round hole."; "Should this case be deemed to turn on recognition of a direct duty from a primary to an excess insurer (*which it should not, since Zurich may pursue its claims under principles of subrogation*), the cases on which defendants rely, declining to recognize a direct duty on the facts of those cases, should be limited to their facts.").  While those statements do not specifically show Zurich recognizes that USF&G and TIG owed it no direct duty of good faith, other submissions indicate that Zurich pursued its claims solely on the basis of subrogation.  For example, in its supplemental memorandum dated October 30, 2009, Zurich stated, "[i]n its First Amendment Complaint (Doc. No. 66), Zurich

asserts claims for negligent and bad faith failure to settle *on the premise that it is subrogated to the rights of Consolidated Freightways under either or both of equitable subrogation and contractual subrogation*." Indeed, in its motion to alter judgment, Zurich itself "acknowledges that many states, including Missouri, have not to-date recognized such a direct duty."

Although I believe Zurich's affirmative statement that its bad faith failure to settle claims are brought "under either or both of equitable subrogation and contractual subrogation," indicates it did not assert a direct duty, Zurich's argument fails because I <u>did</u> consider the issue of whether Missouri recognizes a direct duty of good faith between a primary and excess insurer. In my order granting summary judgment, I noted, "Some jurisdictions impose a duty of good faith on the relationship between primary and excess insurance carriers. 'Missouri courts, however, have not recognized a direct duty of good faith between primary and secondary insurer.' <u>Reliance Ins. Co. in Liquidation v. Chitwood</u>, 443 F.3d 660, 664 (8th Cir. 2006)."

As to Zurich's other claims, I find them without merit. My decision to follow the Eighth Circuit precedent on bad faith failure to settle cases was not an error of law nor was my determination not to carve out an additional exception to Missouri's demand requirement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counterclaim-Defendant American Guarantee & Liability Insurance Company's motion to alter or amend the judgment [#218] is **DENIED**.

Dated this 6th Day of May, 2010.

                                             _____
                                             RODNEY W. SIPPEL
                                             UNITED STATES DISTRICT JUDGE