# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff/Counterclaim-Defendant, | ) ) ) |
| v. | ) )   No. 4:06CV655RWS |
| UNITED STATES FIDELITY & GUARANTY COMPANY, | ) ) ) ) |
| Defendant/Counterclaim-Plaintiff, | ) ) ) |
| and | ) ) |
| TIG INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

American Guarantee & Liability Insurance Company ("Zurich") sued

United States Fidelity & Guaranty Company ("USF&G") and TIG Insurance

Company for failure to settle in good faith a lawsuit that was brought against their

mutual insured. On February 18, 2010, I entered summary judgment in favor of

USF&G and TIG. As the prevailing parties, USF&G and TIG now seek

$73,154.43 under Federal Rule of Civil Procedure 54(d). For the reasons below, I will grant their motion in part and deny it in part.

On February 18, 2010, I granted summary judgment to USF&G and TIG (hereinafter "Defendants") because Missouri law does not permit Zurich, as an excess insurer, to bring a bad faith failure to settle lawsuit against the primary insurers. Zurich's motion to alter or amend the judgment was denied on May 6, 2010.

On March 8, 2010, Defendants filed their Bill of Costs. Defendants seek a total of $73,154.43, as follows:

| | | |
|---|---|---|
| • | Fees of the Clerk | $ 750.00 |
| • | Fees of the court reporter | 63,802.64 |
| • | Fees for witnesses | 7,938.59 |
| • | Fees for exemplification and copies | 663.20 |

Zurich objects to costs associated with obtaining both stenographic and videotaped depositions, the non-itemized deposition costs, costs incurred solely for convenience of counsel, certain copying costs, expert witness fees, and delivery costs.

### Discussion

Rule 54 provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party." Fed. R. Civ. P. 54(d)(1). Under the Rule, a "prevailing party is presumptively entitled to recover all of its costs." 168th and Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007). Not every expense is a permissible "cost," however. Only the expenses enumerated in 28 U.S.C. § 1920 or other statutory authority may be taxed as "costs" under Rule 54(d). Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–442 (1987); Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889–90 (8th Cir. 2006). Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 or this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Expert witness fees*

Zurich objects to the inclusion of expert witness fees and costs that exceed $40.00 per witness as authorized by 28 U.S.C. § 1821(b).  Defendants have withdrawn their request for expert witness fees and withdraw their request for costs associated with the depositions of Gerard Noce and Robert Sharp.  As a result, Defendants' Bill of Cost will be reduced by $7,766.62.

*Delivery expenses*

Zurich argues that I must reduce Defendants' Bill of Costs because it contains delivery expenses, which are not recoverable under Rule 54.  Section 1920 does not authorize taxing Zurich for Defendants' postage and delivery expenses.  <u>Smith</u>, 436 F.3d at 889.  Defendants have included delivery, postage and handling costs in the amount of $793.66 in their Bill of Costs.  Because these expenses are not recoverable under § 1920, Defendants' Bill of Costs will be reduced by $793.66.

*Video depositions*

Zurich also objects to the assessment of costs for video depositions. Defendants argue that they are entitled to recover the costs associated with both video depositions and stenographic transcripts.  Zurich argues that while

Defendants may recover costs for *either* the printed transcript *or* the electronically recorded (video) transcripts, they should not be permitted to recover *both*.

Section 1920 permits taxation of the costs associated with conducting video depositions. Craftsman Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 897 (8th Cir. 2009). Prior to October 2008, Section 1920(2) permitted taxable costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the case." Section 1920(2), in its current form, allows taxable costs for "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case" (emphasis added). In Thomas v. Newton, No. 4:07CV556AGF (E.D. Mo. June 26, 2009), Judge Fleissig concluded that the use of the disjunctive "or" means that the statute should be construed to permit either stenographic transcription *or* video-recording of depositions, but not both. Judge Reade reached the same conclusion in E.E.O.C. v. Boot, No. 07-CV-95-LRR (N.D. Iowa Feb. 9, 2010).

"[W]hen the plain language or a statute is clear in its context, it is controlling." United States v. Smith, 35 F.3d 344, 346 (8th Cir. 1994). "If the wording of a statute is plain, simple, and straightforward, the words must be accorded their normal meanings. United States v. Jones, 811 F.2d 444, 447 (8 th Cir. 1987). "The ordinary usage of the word 'or' is disjunctive, indicating an

alternative. Construing the word 'or' to mean 'and' is conjunctive, and is clearly in contravention of its ordinary usage." Smith, 35 F.3d at 346. I agree with Judges Fleissig and Reade that it would be contrary to the plain language of § 1920 to allow Defendants to recover costs for both stenographic transcripts and video costs for the same depositions.

Having decided that Defendants cannot recover for both stenographic and video transcripts, I must determine which costs to reject. Zurich asks that I reject the video costs. Defendants do not state whether they prefer to be reimbursed for video or stenographic costs. Because neither side submitted the video depositions in this matter, where the video deposition costs are duplicative of the stenographic costs, I will disallow the video costs.

I will also reduce Defendants' Bill of Costs where necessary where the evidence submitted is insufficient to determine which costs are taxable and which are not. I will also disallow certain costs that were incurred solely for the convenience of the attorneys.

*Deposition of Jennifer Barry on June 30, 2008*

Defendants claim $663.15 in costs associated with the June 30, 2008 deposition of Jennifer Barry. In support of these claims, Defendants submitted an invoice for $538.15 for the videotaped deposition of Jennifer Barry and an invoice

for DVDs in the amount of $120.00 and $5.00 for shipping. I have already

reduced the request by the shipping amount. Zurich challenges the $120.00 DVD

costs as duplicative of the printing costs. Although Defendants cannot recover for

both stenographic and video deposition fees, it is not clear that the $538.15 figure

is for stenographic deposition fees. Because the invoice states that it is for a copy

of the videotaped deposition of Jennifer Barry and it is not clear that Defendants

seek both video and stenographic costs, I will not reduce the Bill of Costs on this

basis.

Zurich also argues that I should reduce the $538.15 figure because the

invoice is not itemized, and it is impossible to determine whether the costs are

recoverable. Zurich suggests that I follow Odessa Ford, LLC v. T.E.N.

Investments, Inc., No. 07-2161-KHV (D. Kan. June 10, 2009), where Judge Vratil

reduced by fifty percent the invoiced amounts for costs that were not itemized.

Rather than provide an itemized bill for Barry's deposition, Defendants argue that

Zurich should bear the burden because Zurich selected the vendor, failed to make

a timely objection, and Zurich should present evidence that the fees are improper.

The challenged invoice says simply, "COPY BARRY ESQ., JENNIFER L.

(VIDEOTAPED)" and "Total Amount $538.15." The invoice does not describe

which portions of the billed amount are for video recording and which portions are

for convenience costs. Additionally, it is impossible to discern whether shipping or postage fees are included in the bill. I do not believe, however, that a fifty percent reduction is appropriate. Instead, I will reduce the invoiced amount by 25%. As a result, I will reduce Defendants' Bill of Costs by $134.54.

*Depositions of Bradley Baumgart on October 17, 2007, January 8, 2008, and March 25, 2009*

Defendants seek $3,955.51 for the October 17, 2007 deposition, $2,388.66 for the January 8, 2008 deposition, and $1,919.51 for the March 25, 2009 deposition of Bradley Baumgart. In support of these claims, Defendants submitted two "certificate[s] of costs" for the October 17, 2007 and January 8, 2008 depositions. Neither certificate of costs is itemized, but each indicate that Zurich paid a portion of the deposition costs while Defendants paid the other portion. Defendants also submitted an invoice for the March 25, 2009 deposition in the amount of $1,919.51. The March 25, 2009 invoice billed for the "Original Transcript of BRADLEY BAUMGART." As to the October 17, 2007 and January 8, 2008 depositions, the documentation indicates that Zurich paid a portion of the costs. If Zurich believed that the documentation was insufficient, it could have requested an itemized bill at the time. Regarding the March 25, 2009 invoice, Zurich has not claimed that both stenographic and video copies are included in the

fee. Additionally, there is no indication that the invoice contains shipping or postage fees. I will allow these costs in their entirety.

*Depositions of Tammy Burris on August 23, 2007 and August 24, 2007*

Defendants seek $422.00 for the August 23, 2007 deposition of Tammy Burris and $410.25 for her August 24, 2007 deposition.[1] The August 23, 2007 invoices include the following costs: $133.00 for the deposition, $199.00 for the "rough draft," and $90.00 for the video costs. Similarly, the August 24, 2007 invoice includes the following costs: $145.25 for the deposition, $81.00 for the "rough draft," $170.00 for synching transcript to video, and $15.00 for shipping (½ of the shipping costs). I have already reduced the request by the shipping amount. As discussed above, Defendants cannot recover for both the stenographic and video costs of depositions. As a result, I will disallow the video costs. I will also reduce the Bill of Costs for the "rough draft" fees because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. I will therefore reduce Defendants' Bill of Costs by $540.00.

---

[1] By my calculation, the invoices relating to Tammy Burris's August 24, 2007 total $411.25 ($145.25 + $81.00 + $170.00 + $15.00 (½ of the shipping costs)). Defendants only seek $410.25.

*Deposition of Kerry Morgan on August 23, 2007*

Defendants seek $684.25 for the August 23, 2007 deposition of Kerry Morgan. The invoice includes the following charges: $348.25 for the deposition, $76.00 for the "rough draft," and $260.00 for the video costs. As discussed above, USF&G and TIG cannot recover for both the stenographic and video costs of depositions. I will therefore disallow the video costs. I will also reduce the Bill of Costs for the "rough draft" fee because it was for the convenience of the attorneys and was not "necessarily obtained for use in the case" as required by § 1920. I will therefore reduce Defendants' bill of costs by $336.00.

*Deposition of Kim Mingo on August 24, 2007*

Defendants seek $650.95 for the August 24, 2007 deposition of Kim Mingo. The invoices submitted in support are for $168.00 for the deposition, $67.20 for the "rough draft," $152.75 for exhibits/binder/tabs, $78.00 for next day air delivery, $170.00 for synching transcript to video, and $15.00 for shipping (½ of the shipping costs). I have already reduced the request by the shipping amount. I will reduce the Bill of Costs for the video costs because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the "rough draft" fee and the exhibit/binder/tab fees because such costs were for the convenience of the attorneys and were not

"necessarily obtained for use in the case" as required by § 1920. I will therefore reduce Defendants' Bill of Costs by $389.95.

*Deposition of Mary Ceko on April 16, 2009*

Defendants seek $1,926.90 for the April 16, 2009 deposition of Mary Ceko. The invoice submitted in support is itemized as follows: $144.00 for attendance with a transcript, $626.40 for original accelerated transcript, $72.00 for attendance after 5 p.m., $30.00 for "mini," $30.00 for "E-tran," $217.50 for rough ASCII, and $807.00 for video services with synching. Zurich requests that I reduce the Bill of Costs by $1,379.40 and challenges the accelerated transcript, mini, E-tran and rough ASCII as costs solely for the convenience of the attorneys. I will reduce the Bill of Costs by the costs associated with video and synching because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the mini, E-transcript, and rough ASCII because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. I will not reduce the Bill of Cost for the accelerated transcript of Mary Ceko's deposition because the invoice reflects that Defendants were charged $3.60 per page, which is less than the government rate for a non-expedited transcript. I will therefore reduce Defendants' Bill of Costs by $1,084.50.

*Depositions of Ed Colechia and Gary Swanson on March 26, 2009*

Defendants seek $1,701.83 for the March 23, 2009 depositions of Ed Colechia and Gary Swanson, which were billed together. The first invoice submitted in support contains charges for: $657.00 for the copy of the deposition transcript, $60.00 for a "multipage condensed/etran," $438.00 for rough ASCII, $13.00 for shipping and handling, and $70.08 for sales tax. The second invoice is for $125.00 for video copy, $312.50 for video synch, and $26.25 for sales tax. I have already reduced the request by $13.78 for shipping ($13.00 x 6% sales tax). I will reduce the Bill of Costs for video copy and synch (and the sales tax on those items) because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for rough ASCII fee and the multipage condensed/etran (and the sales tax on those items) because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. I will therefore reduce Defendants' Bill of Costs by $991.63.

*Deposition of Scott Conrad on November 14, 2008*

Defendants seek $573.60 for the November 14, 2008 deposition of Scott Conrad. Defendants submitted an invoice for $429.00 for the copy of the deposition transcript, $35.00 for a condensed disk, $97.30 for exhibits, and $12.50

for delivery. I have already reduced the request by the shipping amount. I will also reduce the Bill of Costs for condensed disk and exhibit fees because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. I will therefore reduce Defendants' Bill of Costs by $132.30.

*Deposition of R. Scott Donovan on March 27, 2008*

Defendants seek $3,072.05 for the March 27, 2008 deposition of R. Scott Donovan. The supporting invoice is for $1,264.00 for the copy of the deposition transcript, $304.00 for rough ASCII, $208.00 for condensed transcript, $208.00 for e-transcript, $218.05 for attaching exhibits, $805.00 for video and synchronization, and $65.00 for delivery. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs by the video and synchronization costs because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the rough ASCII, the condensed transcript, the e-transcript and exhibit fees because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. I will therefore reduce Defendants' Bill of Costs by $1,743.05.

*Depositions of Susan Dove on November 14, 2007, March 1, 2008, and June 12, 2009*

Defendants seek $4,274.52 for the November 14, 2007, March 1, 2008, and June 12, 2009 depositions of Susan Dove. In support of the costs associated with the November 14, 2007 deposition, Defendants submitted an invoice in the amount of $1,327.67 for "Copy Transcript of SUSAN DOVE." Zurich argues that because the invoice does not describe what was included, it is impossible to know whether the invoice contains amounts that are not recoverable under § 1920. I agree and will reduce the Bill of Costs for the November 14, 2007 deposition by 25% ($331.92).

In support of the costs associated with the March 1, 2008, Defendants submitted an invoice that contains the following charges: $1,055.00 for transcript copy, $154.32 for exhibits, $65.00 for video, $17.50 for "read & sign correspondence," $449.80 for rough disk, $75.00 for a litigation support CD-Rom, and $67.13 for delivery. Zurich objects to all but the transcript copy. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs for the video costs because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the exhibit fees, the rough disk, and the support CD-Rom because such costs were for the

convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. I will not, however, reduce the Bill of Costs for the charge for "read & sign correspondence" because it may have been necessary to obtain the transcript copy.

In support of the costs associated with Dove's June 12, 2009 deposition, Defendants submitted invoices for $435.05 for the certified copy of the transcript, $430.05 for a duplicate certified copy of the transcript, $20.00 for a condensed transcript reporter, $20.00 for an e-transcript reporter, $150.00 for DVDs, and $8.00 for shipping and handling. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs for the DVDs because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the duplicate transcript copy, the condensed transcript reporter, and e-transcript reporter because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. As a result, the Bill of Costs will be reduced by $1,696.09.

*Depositions of Peter Drever on January 29, 2008, January 30, 2008, and April 2, 2009*

Defendants seek $6,187.00 for the January 29, 2008, January 30, 2008, and April 2, 2009 depositions of Peter Drever. In support of the costs associated with the January 29, 2008 deposition, Defendants submitted an invoice that contains the following charges: $240.00 appearance fee, $896.00 for expedited transcript, $1,050.00 for video services, and $80.00 for Fed Ex shipping. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs by the cost for video services because Defendants cannot recover for both the stenographic and video costs of depositions. Zurich objects to the expedited transcript fee of $896.00 in its entirety. Defendants respond that Zurich should not seek to exclude all the costs of the Drever deposition based on the "minuscule" additional charge for expedited preparation. Although I agree with Zurich that the $4.00 per page request is unreasonable, I do not believe it is appropriate to exclude the entire cost of the Drever deposition. The better approach is to allow taxation of a reasonable rate for the Drever deposition. The government rate for a non-expedited deposition is $3.65 per page. I will therefore reduce the Bill of Costs by 35¢ per page ($78.40).

In support of the costs associated with the January 30, 2008 deposition, Defendants submitted an invoice that contains the following charges: $320.00 appearance fee, $1,012.00 for expedited transcript, and $1,230.00 for video services.  As discussed above, USF&G and TIG cannot recover for both the stenographic and video costs of depositions so I will reduce the Bill of Costs by $1,230.00 for video.  Again, Zurich objects to the expedited transcript fee of $1,012.00 in its entirety, which is billed at $4.00 per page.  For the reasons discussed above, I will reduce the Bill of Costs by 35¢ per page ($88.55).

In support of the costs associated with the April 2, 2009 deposition, Defendants submitted an invoice that contains the following charges: $96.00 attendance fee, $255.50 for transcript, $91.25 for rough ASCII, $488.75 for video services, 247.50 for video sync, $30.00 for E-tran, and $150 for DVD copy.  I will reduce the Bill of Costs by $886.25 for video services, video sync, and DVD copies because Defendants cannot recover for both the stenographic and video costs of depositions.  I will also reduce the Bill of Costs by $121.25 for the rough draft and electronic transcript because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. As a result, the Bill of Costs will be reduced by $3,454.45.

*Depositions of Francis Duda on February 27, 2008 and March 5, 2008*

Defendants seek $1,560.24 for the February 27, 2008 and March 5, 2008 depositions of Francis Duda. In support of the costs associated with the February 27, 2008 deposition, Defendants submitted an invoice for $350.00 for digital conversion to DVD-ROM and $30.00 for delivery, and an invoice for "1 ONE COPY" in the amount of $671.69. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs by $350.00 for digital conversion of the video deposition because Defendants cannot recover for both the stenographic and video costs of depositions. Zurich claims that the invoice for "1 ONE COPY" is not sufficiently detailed for the Court to determine whether the costs are taxable or not, and urges me to reduce the fee by 50%. Upon review of the invoice, I believe the charges are sufficiently detailed to tax the amount to Zurich. The original transcript costs were already taxed to Zurich. The bill is simply for one copy for defendants. I will not reduce the Bill of Costs for lack of specificity in the invoice for Duda's February 27, 2008 deposition.

In support of the costs associated with the March 5, 2008 deposition, Defendants submitted an invoice for $100.00 for digital conversion to DVD-ROM and an invoice for "1 ONE COPY" in the amount of $408.55. As discussed above, Defendants cannot recover for both the stenographic and video costs of

depositions so I will reduce the Bill of Costs by $100.00 for digital conversion of the video deposition. Like the invoice for the February 27, 2008 deposition, Zurich claims that the March 5, 2008 invoice for "1 ONE COPY" is not sufficiently detailed for the Court to determine whether the costs are taxable or not, and urges me to reduce the fee by 50%. Upon review of the invoice, I believe the charges are sufficiently detailed to tax the amount to Zurich. The original transcript costs were already taxed to Zurich. The bill is simply for one copy for defendants. I will not reduce the Bill of Costs for lack of specificity in the invoice for Duda's March 5, 2008 deposition. As a result, I will reduce the Bill of Costs by $450.00.

*Deposition of James Frickleton on April 23, 2008*

Defendants seek $593.55 for the April 23, 2008 deposition of James Frickleton. In support of the costs associated with the deposition, Defendants submitted an invoice for $502.25 for a copy of the transcript, $7.50 for exhibit archive, $24.80 for exhibit - media, $50.00 for media, and $9.00 for shipping. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs for exhibits and media because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. As a result, the Bill of Costs will be reduced by $82.30.

*Deposition of Dennis Gibbs on May 21, 2009*

Defendants seek $390.40 for the May 21, 2009 deposition of Dennis Gibbs. In support of the costs associated with the deposition, Defendants submitted an invoice for $116.00 for transcript, $89.90 for rough ASCII, $159.50 for expediting, and $25.00 for shipping. I have already reduced the request by the shipping amount. Although it appears this deposition was conducted *after* Defendants moved for summary judgment, Zurich only objects to the fees for expediting and for the rough draft. I will reduce the Bill of Costs for the expedited and rough transcripts because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. As a result, the Bill of Costs will be reduced by $249.40.

*Deposition of Stephen M. Gorny on April 24, 2008*

Defendants seek $673.70 for the April 24, 2008 deposition of Stephen Gorney. In support of the costs associated with the deposition, Defendants submitted an invoice for $595.00 for a copy of the transcript, $7.50 for exhibit archive, $21.20 for exhibit - B/W, and $50.00 for media. I will reduce the Bill of Costs for exhibits and media because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. As a result, the Bill of Costs will be reduced by $78.70.

*Deposition of Stephen Hryniewicz on March 27, 2009*

Defendants seek $474.88 for the March 27, 2009 deposition of Stephen Hryiewicz. The first invoice submitted in support is for $243.00 for the copy of the deposition transcript, $30.00 for a "multipage condensed/etran," $162.00 for rough ASCII, $13.00 for shipping and handling, and $26.88 for sales tax. The second invoice is for $265.00 in video costs. I have already reduced the request by $13.78 for shipping ($13.00 x 6%). I will reduce the Bill of Costs by $265.00 because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs by $203.52.[2] for the "rough draft" fee and the multipage condensed/etran because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. I will therefore reduce Defendants' Bill of Costs by $468.52.

*Depositions of Robert Knowles on November 7, 2007, December 17, 2007, and April 16, 2009*

Defendants seek $5,340.96 for the November 7, 2007, December 17, 2007, and April 16, 2009 depositions of Robert Knowles. In support of the costs associated with the November 7, 2007 deposition, Defendants submitted an

---

[2] $192.00 + 6% sales tax  =  $203.52.

invoice for $1,590.76 that states it is for "Copy Transcript of ROBERT S. KNOWLES." Although the invoice describes itself as for a copy of the transcript, the amount charged is not reasonable for a simple transcript. The invoice does not detail whether portions of the billed amount are for both video recording and print copies. Additionally, it is impossible to discern whether shipping or postage fees are included in the bill. I will reduce the invoiced amount by 25% ($397.69).

In support of the costs associated with the December 17, 2007 deposition, Defendants submitted an invoice for $2,632.30 for the following: $885.00 for transcript, $368.75 for rough ASCII, $1,292.55 for video and text synch and DVD production, and $86.00 for Fed Ex delivery. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs by $1,292.55 for video costs because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the rough draft fee because it was for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920.

In support of the costs associated with the April 16, 2009 deposition, Defendants submitted an invoice for $1,117.90 for the following: $482.40 for transcript, $167.50 for rough ASCII, $30.00 for E-tran, $30.00 for mini, $378.00 for video with synching, and $30.00 for Fed Ex delivery. I have already reduced

the request by the shipping amount. As discussed above, Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the rough draft, electronic transcript and mini fees because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. As a result, I will reduce Defendants' Bill of Costs by $2,664.49.

*Depositions of Michael Lawder on October 25, 2007, October 26, 2007, and May 5, 2009*

Defendants seek $2,177.84 for the October 25, 2007, October 26, 2007, and May 5, 2009 depositions of Michael Lawder. In support of the costs associated with the October 25, 2007 deposition, Defendants submitted two invoices. The first invoice is for $583.57 for the following charges: $385.20 for transcript, $156.00 for Rough ASCII, and $42.37 for postage and handling. The second invoice is for $300.00 for digital conversion of the deposition to DVD-ROM. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs for the digital conversion because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the rough draft because it was for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920.

In support of the costs associated with the October 26, 2007 deposition, Defendants submitted two invoices. The first invoice is for $612.17 for the following charges: $430.20 for transcript, $174.75 for Rough ASCII, and $7.22 for postage and handling. The second invoice is for $350.00 for digital conversion of the deposition to DVD-ROM and $15.00 for delivery. I have already reduced the request by the shipping amount. As discussed above, Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the rough draft because it was for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920.

In support of the costs associated with the May 5, 2009 deposition, Defendants submitted an invoice for "1 ONE COPY" in the amount of $317.10. Zurich claims that the invoice for "1 ONE COPY" is not sufficiently detailed for the Court to determine whether the costs are taxable or not, and urges me to reduce the fee by 50%. Upon review of the invoice, I believe the charges are sufficiently detailed to tax the amount to Zurich. The original transcript costs were already taxed to Zurich. The bill is simply for one copy for defendants. I will not reduce the Bill of Costs for lack of specificity in the invoice for Lawder's February May 5, 2009 deposition. As a result, I will reduce the Bill of Costs by $980.75.

*Deposition of Rich McLeod on February 15, 2008*

Defendants seek $2,959.70 for the February 15, 2008 deposition of Rich McLeod. In support of these costs, Defendants submitted an invoice containing the following charges: $195.00 for attendance, $1,349.00 for transcript, $2.50 for jura prep, $7.50 for exhibit archive, $887.50 for video, $509.20 for exhibits, and $9.00 for shipping. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs by $887.50 because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the exhibits and exhibit archive because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. As a result, I will reduce Defendants' Bill of Costs by $1,404.20.

*Deposition of John Moyer on March 12, 2008*

Defendants seek $3,527.75 for the March 12, 2008 deposition of John Moyer. In support of these costs, Defendants submitted an invoice containing the following charges: $320.00 for attendance, $1,324.00 for transcript, $413.75 for rough transcript, $1,430.00 for video services synched,[3] and $40.00 for shipping. I

---

[3] Although the invoice indicates this amount was for the video deposition "synched," Zurich asks only that I exclude 50% of the cost.

have already reduced the request by the shipping amount.  Because Defendants

cannot recover for both the stenographic and video costs of depositions and Zurich

asks only that I exclude 50% of the video services synched cost, I will reduce the

Bill of Costs by $715.00.  I will also reduce the Bill of Costs for the rough draft

because it was for the convenience of the attorneys.  As a result, I will reduce the

Bill of Costs by $1,128.75.

*Deposition of Gerard Noce on May 22, 2008*

Defendants seek $410.05 for the May 22, 2008 deposition of Gerard Noce.

In support of the costs associated with the May 5, 2009 deposition, Defendants

submitted an invoice for "1 ONE COPY" in the amount of $410.05.  Zurich claims

that the invoice for "1 ONE COPY" is not sufficiently detailed for the Court to

determine whether the costs are taxable or not, and urges me to reduce the fee by

50%.  Upon review of the invoice, I believe the charges are sufficiently detailed to

tax the amount to Zurich.  The original transcript costs were already taxed to

Zurich.  The bill is simply for one copy for Defendants.  I will not reduce the Bill

of Costs for lack of specificity in the invoice for Noce's May 22, 2008 deposition.

*Depositions of Kevin Schnurbusch on July 26, 2007 and April 24, 2009*

Defendants seek $1,195.09 for the July 26, 2007 and April 24, 2009

depositions of Kevin Scnurbusch.  Zurich claims that two of the invoices are not

sufficiently detailed for the Court to determine whether the costs are taxable or not, and urges me to reduce the fee by 50%. Upon review of the invoices, I believe the charges are sufficiently detailed to tax the amount to Zurich. The original transcript costs were already taxed to Zurich. The bills are simply for one copy for defendants. I will not reduce the Bill of Costs for lack of specificity in the invoice for Schnurbusch's depositions.

*Deposition of Lucille Sgaglione on May 8, 2009*

Defendants seek $1,446.25 for the May 8, 2009 deposition of Lucille Sgaglione. In support of these costs, Defendants submitted an invoice containing the following charges: $120.00 for attendance, $670.50 for transcript, $186.25 for rough transcript, $2.00 for jurat prep, $7.50 for exhibit archive, $450.00 for video, and $10.00 for shipping. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs by $450.00 because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the rough draft and exhibit archive because it was for the convenience of the attorneys. As a result, I will reduce the Bill of Costs by $643.75.

*Deposition of Robert Sharp on May 1, 2008*

Defendants seek $1,064.45 for the May 1, 2008 deposition of Robert Sharp. In support of these costs, Defendants submitted an invoice containing the following charges: $919.55 for transcript, $7.50 for exhibit archive, $78.40 for exhibits, $50.00 for media, and $9.00 for shipping. I have already reduced the request by the shipping amount. I will reduce the Bill of Costs for the rough draft and exhibit archive, exhibits, and media because such costs are for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. As a result, I will reduce the Bill of Costs by $135.90.

*Deposition of Dawn Wagner on April 17, 2009*

Defendants seek $2,243.40 for the April 17, 2009 deposition of Dawn Wagner. In support of these costs, Defendants submitted an invoice containing the following charges: $216.00 for attendance, $734.40 for accelerated transcript, $30.00 for mini, $30.00 for E-tran, $255.00 for rough ASCII, and $978.00 for video services with synching. I will reduce the Bill of Costs by $978.00 for video services and synching because Defendants cannot recover for both the stenographic and video costs of depositions. I will also reduce the Bill of Costs for the rough draft, mini, and electronic transcript because such costs were for the

convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920.  As a result, I will reduce Defendants' Bill of Costs by $1,293.00.

*Depositions of David Ziegler on December 19, 2007, December 20, 2007, and April 3, 2009*

Defendants seek $8,629.60 for the December 19, 2007, December 20, 2007, and April 3, 2009 depositions of David Zeigler.  In support of the costs associated with the December 19, 2007 deposition, Defendants submitted two invoices.  The first invoice is for $1,365.50 for the video deposition charges.  The second invoice is for $2,437.30 for the transcript, rough ASCII, electronic transcript, disks, archiving, and shipping and handling.  The second invoice is not itemized so it is impossible to determine what portion of the charge is allocable to non-taxable costs.  Because Defendants cannot recover for both the stenographic and video costs of depositions, I will reduce their Bill of Costs by $1,365.50 for the video deposition charges.  Additionally, because the second invoice does not describe which portions of the billed amount are for the transcript, the drafts, disks, and shipping, I will reduce the invoiced amount by 25% ($609.33).

In support of the costs associated with the December 20, 2007 deposition, Defendants submitted two invoices.  The first invoice is for $1,055.50 for the

video deposition charges and $32.00 for shipping and handling. The second invoice is for $1,807.30 for the transcript, rough ASCII, electronic transcript, disks, archiving, and shipping and handling. The second invoice is not itemized so it is impossible to determine what portion of the charge is allocable to non-taxable costs. I have already reduced the Bill of Costs for the shipping charges. Because Defendants cannot recover for both the stenographic and video costs of depositions, I will reduce their Bill of Costs by $1,055.50 for the video deposition charges. Additionally, because the second invoice does not describe which portions of the billed amount are for the transcript, the drafts, disks, and shipping, I will reduce the invoiced amount by 25% ($451.83).

In support of the costs associated with the April 3, 2009 deposition, Defendants submitted an invoice for $1,212,00 which contains the following charges: $96.00 for attendance, $238.00 for transcript, $85.00 for rough ASCII, $733.00 for video services, synch, and DVD copy, $30.00 for E-tran, and $30.00 for binding and delivery. I have already reduced the Bill of Costs for the shipping charges. Because Defendants cannot recover for both the stenographic and video costs of depositions, I will reduce their Bill of Costs by $733.00 for the video deposition charges. Additionally, I will reduce the Bill of Costs for the electronic

transcript and rough ASCII because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920. As a result, I will reduce Defendants' Bill of Costs by $4,330.16.

*Deposition of Elizabeth Raphael on January 23, 2006*

Defendants seek to recover $308.00 for the January 23, 2006 deposition of Elizabeth Raphael. Zurich objects and claims that the cost is solely for the convenience of Defendants. The Court has reviewed the record submitted in support of Defendants' Bill of Costs and finds no support for this cost. As a result, I will reduce Defendants' Bill of Costs by $308.00.

*Costs for exemplification and copies*

Zurich argues that I should reduce the amount Defendants claim for exemplification and copies by 75% because Defendants made four copies of each submission, three of which were for Defendants' convenience. Defendants respond that the four copies were made for (1) the Court, (2) USF&G, (3) TIG, and (4) Zurich. I believe the exemplification costs were reasonable and will not reduce the Bill of Costs because each of set of copies was necessary.

**Conclusion**

Defendants' Bill of Costs will be reduced by $33,330.21 ($7,766.62 + $793.66 + $134.54 + $540.00 + $336.00 + $389.95 + $1,084.50 + $991.63 +

$132.30 + \$1,743.05 + \$1,696.09 + \$3,454,45 + \$450.00 + \$82.30 + \$249.40 +$ $78.70 + 468.52 + \$2,664.49 + \$980.75 + \$1,404.20 + \$1,178.25 + \$643.75 + \$ 135.90 + \$1293.00 + \$4,330.16 + \$308.00).$  The total permissible amount recoverable under Rule 54(d) is \$39,824.22.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant/Counterclaim-Plaintiff United States Fidelity & Guaranty Company and Defendant TIG Insurance Company's Bill of Costs [#215] is **GRANTED in part and DENIED in part**, and that the Clerk shall tax the sum of \$39,824.22 against Plaintiff American Guarantee & Liability Insurance Company.

Dated this 10th Day of May, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE